UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHAYNE THOMPSON, | ) |
| Petitioner, | ) |
| v. | ) No. 1:19-cv-01357-JMS-DLP |
| D. ZATECKY, | ) |
| Respondent. | ) |

**Order Denying Petition for Habeas Corpus
and Directing Issuance of Final Judgment**

Indiana prison inmate Shayne Thompson petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number ISR 18-12-0043. For the reasons explained in this Order, Mr. Thompson's petition is **DENIED**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On December 4, 2018, Indiana Department of Correction (IDOC) investigator C. Nelms wrote a Report of Conduct charging Mr. Thompson with security threat group/unauthorized organization activity, a violation of Indiana Adult Disciplinary Code 208. Dkt. 1-1 at 5; dkt. 9-1. The Report of Conduct states:

> During a search and inventory of Offender Thompson, Shayne, #201199 property, Officer D. Davis found Security Threat Group writings that are associated with the People Nation. These writings are written on his cooler along with a word find book covered in STG writings and a picture of a well known Vice Lord member. The writings were removed from offender Thompson's property and a confiscation slip was completed and sent to the Investigations and Intelligence office.

*Id.*

Mr. Thompson was notified of the charge on December 6, 2018, when he received a copy of the Screening Report and pleaded not guilty. Dkt. 1-1 at 6; dkt. 9-4. He did not ask to call witnesses but did request "[a]ll evidence of this write up (pictures)." *Id.*

A disciplinary hearing was held on December 10, 2018. Dkt. 1-1 at 7; dkt. 9-6. Mr. Thompson told the hearing officer, "This is a misunderstanding. That note describes me. This is not STG materials. This is retaliation for another write up that they wrote on me, they're just after me. This ain't fair what they are doing." *Id.* In the written Report of Disciplinary Hearing, the hearing officer stated that "[c]onduct report and copies of photos of evidence support guilty finding." Dkt. 9-6. Mr. Thompson was found guilty of the charged offense and received a deprivation of 75 days earned credit time. *Id.*

Mr. Thompson exhausted his administrative remedies by filing an appeal to the Facility Head and then to the IDOC Final Reviewing Authority. Dkt. 1-1 at 1-2; dkt. 9-7; dkt. 9-8. These appeals were denied. *Id.* He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## C. Analysis

Mr. Thompson's petition lists three grounds for relief, which the Court restates as: (1) the Report of Conduct is legally invalid because it does not bear a signature, case number, and other necessary information; (2) the hearing officer failed to produce a written statement articulating the reasons for his guilt; and (3) the evidence is insufficient to support his conviction.[1]

### 1. Report of Conduct

Mr. Thompson asserts that the Report of Conduct does not include a signature, a case number, and other necessary information. "Therefore," he argues, "it could not be processed and/or proceed to a hearing." *Id.* He has included the allegedly invalid Report of Conduct as an exhibit to his petition. Dkt. 1-1 at 5. The Respondent has submitted a different version of the Report of Conduct that includes the missing information. Dkt. 9-1.

It is unclear why there are two versions of the Report of Conduct. Nevertheless, there is nothing constitutionally deficient or invalid about the report Mr. Thompson submitted with his petition. The report notified him of the factual basis, code number, and approximate time and date of the alleged violation. *See Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) ("The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge."). To the extent Mr. Thompson argues that the report does not comply with IDOC policy and procedure, these deficiencies do not violate due process. A violation of IDOC policy during a disciplinary proceeding is not a basis for habeas relief unless it overlaps with one of the due process rights outlined in *Wolff* and *Hill*. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008). Mr. Thompson's request for relief on this ground is **denied**.

---

[1] Mr. Thompson asserts throughout his petition and reply that there is no proof he committed this offense. The Court believes it is more efficient to address the sufficiency of the evidence as a separate ground for relief rather than as a sub-issue of grounds one and two.

### 2. Written Statement of Decision and Basis

"Due process requires that an inmate subject to disciplinary action is provided a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary actions." *Scruggs*, 485 F.3d at 941. The written statement requirement is not "onerous," as the statement "need only illuminate the evidentiary basis and reasoning behind the decision." *Id.* "[W]hen the charge is straightforward, the [hearing officer] need say only that [he] believed the conduct report." *Calligan v. Wilson*, 362 F. App'x. 543, 545 (7th Cir. 2009).

Although the hearing officer's written statement of decision is brief, it is sufficient to satisfy due process. Mr. Thompson was charged with possessing materials associated with a street gang. The hearing officer concluded that the "[c]onduct report and copies of photos of evidence support guilty finding." Dkt. 9-6. This report satisfies the minimum requirements of due process, and Mr. Thompson's request for relief on this ground is **denied**.

### 3. Sufficiency of the Evidence

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 600, 675 (7th Cir. 2012) ("The some evidence standard is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence standard" is much more lenient than the beyond a reasonable doubt standard. *Moffat*, 288 F.3d at 981.

Mr. Thompson was found guilty of Indiana Adult Disciplinary Code 208, which prohibits prisoners from:

> Engaging, pressuring or authorizing others to engage in security threat group or unauthorized organizational activities, meetings or criminal acts; displaying, wearing, possessing or using security threat group or unauthorized organizational insignia or materials; or, giving security threat group or unauthorized organizational signs. Unauthorized organizational activity shall include engaging in the above activities by or on behalf of an organization that has not been approved by the Department of Correction.

Dkt. 9 at 8.[2]

Officer Davis found a collection of writings and sketches in Mr. Thompson's cell. He associated these materials with the street gang alliance People Nation. He also found a photograph of a well-known People Nation member. Mr. Thompson admitted that the writings, sketches, and photograph belonged to him. This is "some evidence" that he violated Code 208. Although Mr. Thompson argues that these materials are part of a personal diary that has nothing to do with People Nation, the hearing officer considered and rejected this explanation. His petition seeks to reweigh the credibility of the evidence, which this Court may not do. *See Calligan v. Wilson*, 362 F. App'x 543, 545 (7th Cir. 2009) (citing *Hill*, 472 U.S. at 455; *Scruggs*, 485 at 941). Mr. Thompson's request for relief on this ground is **denied**.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Thompson to the relief he seeks. His petition for a writ of habeas corpus must be denied and the action dismissed.

---

[2] The Respondent directs the Court to "Ex. F at 5" for the definition of Code 208. It appears that the Respondent inadvertently neglected to file this exhibit. In the interest of judicial economy, the Court takes judicial notice of the Indiana Adult Disciplinary Code's list of offenses, which can be found at https://www.in.gov/idoc/files/02-04-101%20Appendix%20I%206-4-2018.pdf.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED**.

Date: 2/10/2020

*[signature]*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

SHAYNE THOMPSON
201199
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Monika P. Talbot
INDIANA ATTORNEY GENERAL
monika.talbot@atg.in.gov